# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2705

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Mario Alberto Dominguez-Chavez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2005
Filed: May 24, 2005

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Mario Alberto Dominguez-Chavez (Dominguez-Chavez) appeals his 70-month sentence imposed by the district court[1] after he pled guilty to one count of being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). At sentencing, Dominguez-Chavez did not raise a Sixth Amendment challenge to the Sentencing Guidelines computation, or make reference to Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely v. Washington, 124 S. Ct. 2531 (2004). Therefore, Dominguez-Chavez has not preserved the issue of whether the

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

district court committed <u>Booker</u> error,[2] and we review only for plain error.  <u>United States v. Pirani</u>, No. 03-2871, 2005 WL 1039976, slip op. at 6 (8th Cir., as amended, May 9, 2005) (en banc); Fed. R. Crim. P. 52(b).

We may notice a claimed error not raised below only where an error is plain, affects the defendant's substantial rights, and "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  <u>Johnson v. United States</u>, 520 U.S. 461, 467 (1997) (quoting <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993)). This is a demanding standard, not easily met.  <u>United States v. Rodriquez-Ceballos</u>, No. 04-3390, slip op. at 6 (8th Cir. May 16, 2005) (citing <u>United States v. Dominguez Benitez</u>, 124 S. Ct. 2333, 2340 (2004)).

At sentencing, the district court determined Dominguez-Chavez had a total offense level of 21 and a criminal history category V, resulting in a Guidelines sentencing range of 70-87 months.  The district court enhanced Dominguez-Chavez's criminal history computation by three levels, because Dominguez-Chavez was on parole when the instant offense occurred, and he committed the instant offense two years after release from prison.  <u>See</u> U.S.S.G. § 4A1.1(d)-(e).  Dominguez-Chavez moved for a downward departure based on the (1) overrepresentation of the seriousness of his criminal history, (2) extraordinary familial responsibilities, and (3) cultural assimilation.  The district court denied the request to depart downward, and sentenced Dominguez-Chavez to 70 months, finding "a sentence at the bottom of the guideline range is fully adequate to address the offense at issue in this case."

While <u>Booker</u> error is plain, Dominguez-Chavez cannot demonstrate the third, substantial prejudice prong under <u>Johnson</u> and <u>Olano</u>.  <u>See</u> <u>Pirani</u>, slip. op. at 8-13. In <u>Pirani</u>, we ruled a defendant seeking to have his sentence remanded on plain-error review must "establish a reasonable probability that, but for <u>Booker</u> error, the

---

[2] <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

defendant would have received a more favorable sentence under an advisory guidelines regime." Id. at 12. In this case, the district court imposed the minimum sentence under the applicable guidelines range. "Nothing in the record suggests a reasonable probability that the district court would have imposed a more lenient sentence absent Booker error." Id. Because Dominguez-Chavez has failed to meet his burden to establish a reasonable probability of actual prejudice, we need not consider whether the plain Booker error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Olano, 507 U.S. at 732.

Accordingly, we affirm Dominguez-Chavez's sentence.

————————————————